**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**WANDA TIPTON**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 13-0509**

**GAYLE REYNOLDS**                                  **SECTION "C" (3)**

<u>**ORDER AND REASONS**</u>

Before the Court is defendant Reynolds' motion to dismiss for failure to comply with Court order pursuant to F.R.C.P. 41(b) and/or motion to strike plaintiff's complaint under F.R.C.P. 12(e). Rec. Doc. 13.  Plaintiff Tipton has opposed the motion. Rec. Doc. 16. Based on the record, memoranda, and the law, the Court GRANTS the motion for the following reasons.

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to prosecute or comply with a court order, a defendant may move to dismiss the action.  Rule 12(e) provides that a party may move for a more definite statement of a pleading.  In this case, defendant moved for a more definite statement of the complaint, and the Magistrate Judge granted that motion. Rec. Docs. 9 & 12.  Plaintiff was ordered to file an amended complaint no later than 21 days from June 19, 2013. Rec. Doc. 12.  As of July 10, 2013, plaintiff had not amended her complaint. Rec. Doc. 13.  She did finally attempt to amend the complaint on July 18, 2013. Rec. Doc. 16.  The defendant moved to dismiss the case. Rec. Doc. 13.

The Court is cognizant that Plaintiff is proceeding *pro se*.  Allegations from a *pro se*

1

complaint are held to a less stringent standard than formal pleadings drafted by lawyers, and a district court should treat a *pro se* plaintiff with appropriate leniency. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Husley v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991).  *Pro se* plaintiffs often lack the legal training helpful in interpreting and applying the substantive and procedural requirements of the legal system. Therefore, the Fifth Circuit has held that "[w]e give *pro se* briefs a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012) (citing *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008)); *See also Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002) ("courts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed.")  "This does not mean, however, that a court 'will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing.'"*Jackson v. State Farm Fire & Cas. Co.*, No. 06-7202, 2010 WL 724108, *2 (E.D. La. Feb. 22, 2010) (Vance, C.J.) (quoting *Jones v. Alfred*, 353 F. App'x 949 (5th Cir. 2009)). Moreover, even from a *pro se* plaintiff, "mere conclusory allegations on a critical issue are insufficient . . . ." *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

Under Federal Rule of Civil Procedure 8, a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  A "short and plain statement" need not contain detailed factual allegations, but demands more than unadorned accusations of harm. *Bell Atlantic Corp. v. Twombly*,  550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2009).  Under *Twombly*, a claim must contain enough facts to "state a claim to relief that is plausible on its face." *Id.* at 570.  The Magistrate Judge instructed the plaintiff to meet these requirements. Rec. Doc. 12.

The Court construes plaintiff's complaint and plaintiff's opposition liberally. Rec. Docs. 3 & 16. While the plaintiff elaborated on her complaint in Record Document 16, it still fails to state an adequate claim for relief.  The Court cannot invent a complaint for the plaintiff.  The plaintiff has not stated a claim or a remedy that she seeks beyond discovery. Rec. Doc. 13.  The plaintiff did not even put forth the basis for the Court's jurisdiction on the civil cover sheet. Rec. Doc. 3.  Rule 12(e) exists to give the defendant an opportunity to request clarification if a pleading fails to specify the allegations in a manner that provides sufficient notice. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Rule 12(e) motions, though disfavored, are  necessary when the pleadings are unintelligible rather than suffer from a want of detail. *Michell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Leslie v. Shell Chemical LP*, No. 13-4791, 2013 WL 4517979, at *5 (E.D. La. Aug. 23, 2013) (citing 2A Moore's Fed'l Prac. ¶ 12.18[1], at 2389 (2d ed.1985)).  Plaintiff has not clarified the pleadings and they remain unintelligible.  Therefore, plaintiff has not complied with a Court order and has failed to prosecute the case, and therefore the case must be dismissed. FED.R.CIV.P. 41(b).

Accordingly,

IT IS ORDERED defendant's motion to dismiss is GRANTED. Rec. Doc. 13.

IT IS FURTHER ORDERED that judgment without prejudice shall be entered in favor of the defendant and against the plaintiff.

New Orleans, Louisiana, this 9th day of September, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**